Lulbadda Waduge Don v. Barr

BIA
A076 500 755

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> PETER W. HALL,
> *Circuit Judges.*

_____

SHIRAN DULIP KARUNADASA LULBADDA
WADUGE DON, AKA SHIRAN DULIP
KARUNADASA,
> *Petitioner,*

v.                                          18-240
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Jeffery R. Leist, Senior
                         Litigation Counsel; Alexander J.
                         Lutz, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shiran Dulip Karunadasa Lulbadda Waduge Don, a native and citizen of Sri Lanka, seeks review of a January 29, 2018, decision of the BIA denying his motion to reopen his removal proceedings. *In re Lulbadda Waduge Don,* No. A076 500 755 (B.I.A. Jan. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir. 2006). Lulbadda Waduge Don moved to reopen in order to apply to adjust status based on an approved visa petition filed on his behalf by his U.S. citizen wife. The agency did not abuse its discretion in denying the November 2017 motion because it was untimely filed more than two years after the removal order became final and did not fall within any of the statutory or regulatory exceptions to the time limit for a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day deadline for motions to reopen)*; Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009). Lulbadda Waduge Don argues that

his approved visa petition is new, material, and previously unavailable evidence that warrants reopening, but he overlooks that the evidentiary standard for a timely motion to reopen does not implicate any exception to the 90-day deadline. *See Matter of Coelho,* 20 I. & N. Dec. 464 (BIA 1992); *compare* 8 C.F.R. § 1003.2(c)(2) (timeliness requirement) *with* 8 C.F.R. § 1003.2(c)(1) (evidentiary requirement). We otherwise lack jurisdiction to review the BIA's "entirely discretionary" decision not to exercise its sua sponte authority to reopen his proceedings. *Ali,* 448 F.3d at 518.

Although we may remand if the agency "declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), Lulbadda Waduge Don has not demonstrated that the BIA misperceived the law. The BIA did not find him ineligible for the relief sought; it simply determined that his situation was not so exceptional as to warrant reopening. This is precisely the determination we lack jurisdiction to review. *See Ali,* 448 F.3d at 518.

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review the motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court